IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| **v.** | : | **CRIMINAL NO. 07-677-01** |
| | : | |
| **MICHAEL DELBUONO a/k/a "Del"** | : | |

**MEMORANDUM**

**Norma L. Shapiro, J.** **August 11, 2011**

Presently before the court for disposition is the motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence by a person in federal custody filed by petitioner, Michael DelBuono (paper no. 186), to which the government has responded in opposition (paper no. 192). For the reasons discussed below, this court will deny the § 2255 motion without holding an evidentiary hearing.

**Factual Background**

In October 2007, Michael DelBuono was indicted by a federal grand jury. The indictment charged him on three counts involving heroin: (1) conspiracy to distribute heroin in violation of 21 U.S.C. §§ 846 and 841 (b) (1) (c); (2) distribution of heroin in violation of 21 U.S.C. § 841 (a) (1); and (3) distribution, aiding and abetting the distribution, of heroin in violation of 21 U.S.C. § 842 and 18 U.S.C. §841 (a) (1). On March 31, 2008, DelBuono plead guilty before the court. This was an "open plea", i.e., not pursuant to any written agreement with the Government. The final Pre-Sentence Report, issued by the assigned United States Probation Officer, concluded that the advisory Guidelines range was 188 to 235 months incarceration. There were no objections to the Pre-Sentence Report by either DelBuono or the Government. At that time, the Government submitted a Sentencing Memorandum that asked the court to impose a sentence within the advisory guideline range. Two days prior to sentencing, DelBuono's sentencing

memorandum requested a sentence at the bottom of the range; through counsel, he submitted numerous letters of support. Upon examination, the Government concluded that at least some of these letters were fraudulently created by DelBuono's sister. This was determined in part from recordings of DelBuono's telephone conversations at the Federal Detention Center in Philadelphia. The recorded conversations revealed that Michael DelBuono was not only fully aware of the fraud, but encouraged his sister's creation and submission of the fraudulent letters. The Government then prepared a Motion for Upward Variance, which it filed immediately prior to the sentencing hearing. The court asked the Government and DelBuono whether either wanted a continuance to prepare a response, but DelBuono and counsel stated that they were prepared to proceed. Although the Government later withdrew its Motion for Upward Variance, it argued for a sentence at the high end of the Guidelines range based in part on the submission of the fraudulent letters. The court specifically stated that it would ignore the content of the allegedly fabricated letters, but would take into consideration DelBuono's apparent approval and encouragement of their creation.

At sentencing, the court discussed all factors under § 3553(a) before sentencing DelBuono to 230 months incarceration, followed by six years of supervised release. The court stated that it had intended to sentence DelBuono at the low end of the Guidelines range, but in light of the presentation of false letters with DelBuono's encouragement, it would sentence him at the high end of the range. DelBuono appealed his sentence on the grounds that the court abused its discretion in considering the relevant sentencing factors under 18 U.S.C. § 3553(a) and that, in any event, his sentence was unreasonable. On January 11, 2010, the Court of Appeals for the Third Circuit affirmed the judgment and held that there was no abuse of discretion. On May 10, 2010, DelBuono filed the motion now before the court: "Motion to Vacate, Correct, or Set Aside Sentence Pursuant to 28 U.S.C. § 2255."

**Discussion**

This is a timely petition for *habeas corpus* following a federal conviction. DelBuono challenges

his conviction and sentence on the following grounds: (i) defense counsel was ineffective for failing to challenge the application of the Career Offender Provision in calculating the advisory Guideline range; and (ii) defense counsel was ineffective for declining a continuance to investigate and prepare for sentencing upon receiving the Government's motion for an upward variance. These arguments present a constitutional issue for collateral review.

Rule 8(a) of the Rules Governing § 2255 Proceedings, requires the court first to determine whether an evidentiary hearing is required. "When a motion is made under § 2255, the question of whether to order a hearing is committed to the sound discretion of the district court." United States v. Day, 969 F.2d 39, 41-42 (3d Cir. 1992). Only when the files and records of the case are inconclusive on the issue will a district court's failure to grant an evidentiary hearing constitute an abuse of discretion. United States v. McCoy, 410 F.3d 124, 131 (3d. Cir. 2005). Here, an evidentiary hearing is not required because there is no issue of fact to be determined.

To succeed on a Sixth Amendment claim of ineffective assistance of counsel, a defendant must show that there is a "reasonable probability" that, but for counsel's unprofessional errors, result of the proceeding would have been different." Strickland v. Washington, 466 U.S. 668 (1984). A reasonable probability is a probability sufficient to undermine confidence in the outcome. Id. at 694. Under Strickland, a defendant must show first that counsel's representation "fell below an objective standard of reasonableness," id. at 688, and, second, that the deficient performance prejudiced the defense by depriving him of a fair trial, id. at 694. Unless a defendant makes both showings, the conviction has not resulted from a breakdown in the adversary process that renders the result unreliable. *Id.* Even under de novo review, the standard for judging counsel's representation is a most deferential one. Harrington v. Richter, 131 S. Ct. 770 (2011).

*1. Ineffective Assistance of Counsel for Failing to Challenge the Mandatory Application of the Career Offender Provision.*

DelBuono argues that sentencing counsel, Joseph Santaguida, Esq. ("Santaguida") , by failing to challenge the mandatory application of the Career Offender Provision, was ineffective in violation of the Sixth Amendment. He asserts that but for counsel's errors his sentence could have been in the 51-63 month range.

DelBuono argues on the mistaken understanding that the calculation of the Guidelines is at the discretion of the court. Although the Guidelines, themselves, are advisory, United States v. Booker, 543 U.S. 220, (2005), the correct calculation of the Guidelines is not. Our post-Booker precedent instructs a district court to conduct a three-step sentencing process:

> (1) The court must continue to calculate a defendant's Guidelines sentence precisely as before Booker.
>
> (2) In doing so, it must formally rule on the motions of both parties and state on the record whether she is granting a departure and how that departure affects the Guidelines calculation, and take into account pre-Booker case law, which continues to have advisory force.
>
> (3) Finally, she is to exercise her discretion by considering the relevant § 3553(a) factors in setting the sentence imposed regardless whether it varies from the sentence calculated under the Guidelines.

United States v. Gunter, 462 F.3d 237 (3d Cir. 2006) (citing United States v, King, 454 F.3d 187 (3d Cir. 2006); United States v. Cooper, 437 F.3d 324, 329-30 (3d Cir. 2006)). Applying this three-step process, the court properly found that the career offender provisions of the Guidelines applied, and the resulting Guideline range was 188 months to 235 months incarceration. After listening to argument and systematically considering the § 3553(a) factors, the court determined that this was not a case for deviating from the Guidelines, even though the Guidelines were only advisory and not binding. DelBuono neither objected at the time of sentencing nor on subsequent appeal regarding his designation as a Career Offender.

Although the Supreme Court has made clear that there is no reason for a court deciding an ineffective assistance claim to approach the performance-prejudice inquiry in the same order or even to address both components of the inquiry if the defendant makes an insufficient showing on one, this court will begin with the performance analysis. Strickland at 697. It is clear from the record that Santaguida's representation did not fall below an objective standard of reasonableness. Santaguida did not contest the application of the Career Offender Provision, but he did argue for a lesser sentence. He urged the court to impose a sentence between 120 to 180 months. Santaguida pointed out that the application of the Career Offender Provision would dramatically impact DelBuono's sentence unnecessarily.[1]

Despite counsel's efforts, the court determined that DelBuono showed no inclination to change, and that this was not a case for going above or below the Guidelines.

Although Santaguida urged for a lesser sentence, he could not contest the applicability of the Career Offender Provision under the Guidelines because DelBuono is clearly a career offender. His designation as a career offender has never before been contested. Section 4B1.1 (Career Offender) of the Guidelines provides:

> (a) A defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the

---

[1]**MR. SANTAGUIDA**: But because he's a career offender, it not only boosts him to a level 34, it also boosts his offense gravity to a 6, instead of 5.

> So they chastised him by the sentence that they impose. So what I'm saying Judge, the about punishment. Wouldn't like a sentence of anywhere between 10 and 15 years, be severe punishment for a person who's engaged in this activity?
>
> Of course it would. So I think that all the – what § 3553 tries to address, a message to the community, punishment and ability for rehabilitation, that's an – you don't need a 230 month, 20 years to accomplish all that.
>
> That certainly could be accomplished in 10 years, 12 years, 13 years.
> Sentence Hearing Transcript, at 32 (paper no.170).

> instant offense of conviction is a felony that is either a crime of violence or controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

DelBuono was 33 years old at the time he committed these offenses; the offenses were controlled substance offenses punishable by more than one year in prison; and he had at least two prior felony convictions for controlled substance offenses. In light of defendant's history, Santaguida acted properly in not challenging the application of the Career Offender Provision.

Because DelBuono has failed to satisfy the performance component, the court declines to consider the prejudice component. For these reasons, DelBuono's first argument is without merit.

*2. Defense counsel was ineffective for declining a continuance in order to investigate and prepare for sentencing upon receiving the Government's motion for an upward variance.*

DelBuono additionally claims that sentencing counsel was ineffective for declining a continuance in order to investigate and prepare for sentencing upon receiving the Government's motion for an upward variance. DelBuono claims a continuance would allow counsel to thoroughly investigate and respond to the government's allegation, upon which the upward variance request was based, *i.e.,* that DelBuono was aware of, consented to, and encouraged the submission of fraudulent letters to the court. DelBuono does not claim that counsel was ineffective for failing to discover that the letters were fraudulent before submitting them to the court. He incorrectly asserts that the court granted the Government's motion for an upward variance; the Government withdrew its motion and the court sentenced DelBuono within the Guideline range but at the high end.

Assuming that DelBuono could satisfy the performance-component, DelBuono fails to show that he was prejudiced by sentencing counsel's "failure" to request a continuance. DelBuono does not deny that he was aware of, consented to, and made suggestions for his sister's submission of false letters on his behalf. The recorded telephone conversations between the defendant and his sister during his time at the

Federal Detention Center make clear that Danielle DelBuono was attempting to perpetrate a fraud on the court and that she was doing so with DelBuono's knowledge, consent, and suggestions. DelBuono's contention that counsel's failure to investigate resulted in the court's conclusion that the letters were fraudulent is unfounded. It was DelBuono's apparent encouragement and approval of the letters which caused the court to sentence him at the high end of the Guideline range. Because of the overwhelming evidence supporting his involvement, DelBuono has not shown that but for counsel's failure to request a continuance, his sentence would have been lower.

**Conclusion**

______The Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 will be denied without holding a hearing. Because DelBuono has failed to make a substantial showing of a constitutional deprivation, a certificate of appealability will not issue.

An appropriate Order follows.