## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | CRIMINAL NO. 07-677-01 |
| | : | |
| MICHAEL DELBUONO | : | |

**NORMA L. SHAPIRO, J.**                                              **OCTOBER 2, 2015**

### <u>MEMORANDUM</u>

Before the court is Michael DelBuono's *pro se* motion to modify his term of imprisonment under 18 U.S.C. § 3582(c)(2) on the basis of an amendment to the Unites States Sentencing Guidelines ("Guidelines"). For the reasons set forth below, the motion will be denied.


## I.      BACKGROUND

On March 31, 2008, DelBuono pled guilty to one count of conspiracy to distribute heroin, in violation of 21 U.S.C. § 846, and five counts of distribution of heroin, in violation of 21 U.S.C. § 841(a)(1). The Probation Office calculated DelBuono's offense level as 22, based on his responsibility for conspiring to distribute 32.48 grams of heroin (a base level of 18; Guidelines § 2D1.1) and leadership role in the conspiracy (a four-level enhancement).

Because DelBuono was a Career Offender under Guidelines § 4B1.1, his base offense level was 34. With a three-level reduction for acceptance of responsibility, his total offense level was 31. With a criminal history category VI, DelBuono's advisory guidelines range was 188 to 235 months. This court imposed a 230-month sentence, and the Court of Appeals affirmed. *United States v. DelBuono*, 357 F. App'x 429 (3d Cir. 2009).

In November 2014, the Sentencing Commission promulgated Amendment 782; it "revised the guidelines applicable to drug trafficking offenses by changing how the base offense levels in the Drug Quantity Table in § 2D1.1 . . . incorporate the statutory mandatory minimum penalties for such offenses" and was retroactive.  U.S.S.G. Supp. to App. C, Amends. 782, 788 (Nov. 1, 2014). For most drug offenses, Amendment 782 lowered the base offense level by two on § 2D1.1's Drug Quantity Table.

DelBuono filed a motion to reduce his sentence based on Amendment 782.

## II.   DISCUSSION

A sentencing court may reduce a term of imprisonment "in the case of a defendant who has been sentenced to a term of imprisonment **based on a sentencing range that has subsequently been lowered** by the Sentencing Commission . . . if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission. " 18 U.S.C. § 3582(c)(2) (emphasis supplied).

> The applicable policy statement, Guidelines § 1B1.10, provides:
>
> In determining whether, and to what extent, a reduction in the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement is warranted, the court shall **determine the amended guideline range that would have been applicable** to the defendant if the amendment(s) . . . had been in effect at the time the defendant was sentenced. . . . **and shall leave all other guideline application decisions unaffected**.

U.S.S.G. § 1B1.10(b)(1) (emphasis supplied).

A defendant convicted of a drug offense but sentenced based on a range derived from the career offender section (§ 4B1.1) is not eligible for a sentence reduction under 18 U.S.C. § 3582(c)(2) based on an amendment to § 2D1.1. *United States v. Mateo*, 560 F.3d 152 (3d Cir. 2009); *see also United States v. Thompson*, 682 F.3d 285 (3d Cir. 2010) (reaffirming *Mateo*). Such an amendment does not affect § 4B1.1 and does not affect the applicable guideline range. *Mateo*, 560 F.3d at 154-55. The range set by § 4B1.1 depends upon the offense of conviction and is not affected by the range set by § 2D1.1.

The guidelines range for DelBuono was set by § 4B1.1, not § 2D1.1. Amendment 782 does not affect DelBuono, so his motion fails.

## III.   CONCLUSION

The motion will be denied. An appropriate order follows.